Jack Mackstoh, J.
Pride Homes, Inc., the defendant in each of the above cases, a domestic corporation, is charged with violations of the Property Rehabilitation and Conservation Code, Fire Prevention Code and Zoning Code of the City of Long Beach. None of its officers, directors or shareholders are party defendants, nor are they subject to the court’s jurisdiction.
The corporate defendant has made application for jury trials. The city attorney opposes the same as unwarranted.
The Sixth Amendment to the Federal Constitution guarantees the right to trial by jury in the case of “ serious offenses ”, which has been defined as an offense carrying a possible prison sentence of more than six months. (Baldwin v. New York, 399 U. S. 66.)
CPL 340.40 provides that one charged with a misdemeanor outside the City of New York must be afforded a jury trial.
A misdemeanor is defined as an offense, other than a traffic infraction, for which a sentence to a term of imprisonment in excess of 15 days may be imposed (Penal Law, § 10.00, subd. 4).
In the present cases, the penalties imposed for the violations alleged are set forth in section 10-1129.3, article 11, chapter 10; section 10-815, article 8, chapter 10, and section 9-117, article 1, chapter 9 of the Municipal Code of the City of Long Beach, and provide that each offense is punishable by a fine not exceeding *737 $500 or by imprisonment not exceeding 30 days, or by both such fine and imprisonment.
However, the corporate defendant is not subject to imprisonment, and if found guilty, would only be required to pay a fine (Penal Law, §§ 60.25, 80.10, subd. 1, par. [d]), and consequently has been charged with no more than a violation.
Although the local ordinances referred to above do not characterize noncompliance as a “ violation ”, subdivision 3 of section 55.10 of the Penal Law provides in part as follows:
‘ ‘ Any offense defined outside this chapter which is not expressly designated a violation shall be deemed a violation if:
“ (a) Notwithstanding any other designation specified in the law or ordinance defining it, a sentence to a term of imprisonment which is not in excess of fifteen days is provided therein, or the only sentence provided therein is a fine ’
Because the corporate defendant is not exposed to a term of imprisonment, and if convicted would only be required to pay a fine, the court finds that it has been charged with violations and not misdemeanors; that it is not entitled to a jury trial under GPL 340.40 nor by virtue of the Sixth Amendment to the Federal Constitution.